# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 514
### BIERMACHER v. N. Y. C. & ST. L. R. R. CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5738. Decided May 8, 1925.

**211. CAUSE OF ACTION**—Presumed, that where a cause has gone to the Supreme Court and there has been a reversal of both lower courts; and the Supreme Court remanded said cause for a new trial to the Common Pleas, that there is stated in the petition a cause of action sufficient in law.

WILLIAMS, J.

Christian Biermacher brought an action against the New York, Chicago & St. Louis R. R. Co. in the Cuyahoga Common Pleas for damages by reason of having been severely injured by the alleged negligence of an employe of the railroad in permitting a pipe to fall on the tracks which resulted in the derailing of a gasoline motor car upon which Biermacher was working and which caused the injuries complained of.

At the conclusion of the opening statement of counsel for Biermacher the Railroad Co. moved that the court direct a verdict in its favor. The motion was sustained and Biermacher then prosecuted error to the Court of Appeals which held:

1. This cause had been previously tried in the Common Pleas and a judgment for Biermacher had been rendered for $18,000. This was affirmed by the Court of Appeals. The Supreme Court reversed both judgments and sent the cause to the Common Pleas for a new trial.

2. It is significant that the Supreme Court did not enter the final judgment in the cause although under the circumstances it had power to do so, but remanded it for a new trial.

3. The company contended that the Common Pleas did not err in sustaining its motion, because the petition did not state a cause of action. The petition is sufficient in law and we are of the opinion that the Supreme Court would not have remanded the case for retrial had it deemed the petition insufficient in law. Judgment reversed.

**Attorneys**—Anderson & Lamb, for Biermacher; Tolles, Hogsett, Ginn & Morely, for company; all of Cleveland.

### No. 515
### DeRAN v. COLONIAL SAVINGS CO.
Ohio Apepals, 6th Dist., Sandusky Co.
No. 156. Decided May 1st, 1925

**84. APPEAL**—1. Right of, determined by nature of action and not by form of judgment rendered.

2. Only chancery cases are appealable.

WILLIAMS, J.

Hal C. DeRan brought an action in the Sandusky Common Pleas against the Colonial Savings Bank & Trust Co. Issues were joined upon four causes of action and trial was had on the first three and a verdict thereon was returned in favor of DeRan for $5164.08. Court overruled a motion of Bank for a new trial and rendered judgment in favor of DeRan, and as a part of the same order and judgment, the fourth cause of action was dismissed without prejudice to the rights of DeRan, and the Court refused to hear evidence in support thereof although a tender of proof was made by DeRan.

Thereupon DeRan filed his appeal bond and perfected his appeal. A motion was filed by the Bank to dismiss the appeal. DeRan filed an amended petition setting out his fourth cause of action. The court of appeals held:

1. The right to appeal must be determined without regard to the pleading filed in this court for, if DeRan did not have a right of appeal before it was filed he did not better his position by its filing.

2. The right of appeal is determined by the nature of the action and not by the form of judgment rendered. Hull v. Bell Bros., 54 OS. 228.

3. DeRan was not deprived of his right of appeal because of the fact that fourth cause of action was insufficient at law, if it was insufficient. Rush v. Rush, 29 OS. 440.

4. The petition set forth that it was an action for an accounting, for an injunction against selling or disposing of collateral referred to, for cancellation of a note claimed to have been paid which was secured by collateral and incidentally for surrender of collateral. The nature of the case as determined by the pleading was equitable; clearly one in chancery and since only chancery cases are appealable the motion of the Bank to dismiss DeRan's appeal is dismissed.

**Attorneys**—D. B. Love, John B. Stahl, and Hal C. DeRan for DeRan; George E. Schroth and A. V. Baumann for Bank; all of Fremont.